```
                 THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| RODRIGUEZ,<br><br>         **Plaintiff,**<br><br>         **v.**<br><br>COMMONWEALTH OF PUERTO RICO,<br><br>         **Defendant.** | **CIVIL NO.** 11-2053(JAG) |

                          MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

   According to the complaint, plaintiff was born in Cuba under the name "Alejandro Luis Rodriguez Valdés." At some point, plaintiff moved to the United States and became a naturalized citizen. As far as the Court can gather, plaintiff's passport and certificate of naturalization were issued under the name of "Alejandro Rodriguez," but omitted the names "Luis" and "Valdés." In 2007, plaintiff decided to move from the mainland to Puerto Rico for health and economic reasons.

   As part of the process of moving to Puerto Rico, plaintiff sought a local driver's license. Though plaintiff completed the requirements for obtaining the license, the government declined to issue it unless plaintiff provided his middle and second last names. Plaintiff then gave the names he had used as a child in Cuba: "Alejandro Luis Rodriguez Valdés." However, as plaintiff

**CIVIL NO.** 11-2053 (JAG)                                                2

states, he had no evidence showing that those names ever belonged to him. As a result, plaintiff's license and his official identification documents (his passport and certificate of naturalization) disagree with respect to his name. This has encumbered plaintiff's ability to acquire property, to engage in banking or legal matters, and especially to seek the Commonwealth's services.

Plaintiff states that prior to filing this complaint, a representative from the Office of the Governor told him that he could solve his problem by obtaining an affidavit stating that Alejandro Rodriguez and Alejandro Luis Rodriguez Valdez are the same person. However, plaintiff contends that this was not satisfactory since it "imposed local regulations over the content of federal documents" and as such, the requirement is unconstitutional. Plaintiff also states that he believes the Commonwealth's actions evince discrimination on the basis of his nationality, given that these problems would not have occurred had his name been "Peter Frampton."

Accordingly, on October 25, 2011, plaintiff Alejandro Rodriguez filed a complaint, *pro se*, against defendant Commonwealth of Puerto Rico ("Commonwealth") in order to compel the Commonwealth to accept his "Federal Identity." (Docket No. 1). Summons were returned executed on November 21, 2011.

(Docket No. 3). The case then lay dormant for six months. The Court then issued an order requiring plaintiff to show cause as to why the case should not be dismissed for lack of prosecution. (Docket No. 4). In response, plaintiff stated that his problems with his identity continue. Further, plaintiff states that he "expect[s] this court to reach a decision" solving his problem. (Id.).

These statements are not sufficient. Although Plaintiff is accorded some latitude given his pro se status, he is not excused from compliance with the Court's procedural rules. Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); see also McKaskle v. Wiggins, 465 U.S. 168, 183-184 (1984)(explaining that courts need not "take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course"). Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss a plaintiff's complaint for lack of prosecution. Unless the dismissal order entered by the Court says otherwise, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Id. However, "a case should not be dismissed with prejudice except 'when a plaintiff's misconduct is particularly egregious or extreme.'" Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006).

**CIVIL NO.** 11-2053 (JAG)                                                                 4

Here, plaintiff has not followed up on the summons executed on the Commonwealth. For six months, this case has lain dormant on the docket. Simply put, the Court will not litigate plaintiff's case on his behalf. However, plaintiff's conduct is neither egregious nor extreme, but rather likely attributable to his *pro se* status. Thus, the Court will dismiss this case **without prejudice**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of June, 2012.

                                                S/ Jay A. Garcia-Gregory
                                                   JAY A. GARCIA-GREGORY
                                                United States District Judge